QUINTANA RACING PARK, INC., Petitioner and Appellant, *v.* INSULAR RACING COMMISSION ET AL., Defendants and Appellees.

No. 5822.   Argued June 22, 1932.—Decided July 15, 1932.

M. A. Martínez Dávila for appellant.   J. Martínez Dávila for appellees.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

This is an appeal taken by the Quintana Racing Park, Inc., from a judgment rendered by the District Court of San Juan, on August 25, 1935, denying a petition for a writ of injunction to restrain the Insular Racing Commission from enforcing the payment of a fine which it had imposed on the appellant.

The facts are clearly set forth and the law reasonably applied in the statement of the case and opinion filed by the district court. We think it appropriate, therefore, to reproduce it here. It says:

"On April 12, 1931, horse races were held at the Quintana Racing Track and the corporation, Quintana Racing Park, Inc., owner of said race track, in violation of section 144 of the rules and regulations of the Insular Racing Commission of Puerto Rico destroyed the combination tickets (*cuadros y papeletas*) used for pool betting on the races held on that date, before the expiration of the term of 60 days prescribed by said section 144.

"Section 144 of the Rules and Regulations of the Insular Racing Commission of Puerto Rico, provides as follows:

" 'Any corporation, partnership, or person owning a race track shall keep under lock and key for a period of not less than 60 days all discarded combination tickets keeping them in the same condition that they were when withdrawn from the urns on the day the canvass was made.'

"Prior to May 26, 1931, the Insular Racing Commission of Puerto Rico had requested the Quintana Racing Park, Inc., to show cause why it should not be punished for a violation of the section already cited and on May 26 the plaintiff herein appeared and after submitting the reasons it deemed pertinent, the commission imposed upon it a fine of $1,000. On the 30th of the same month the plaintiff moved for a reconsideration of that decision and after a hearing of that motion before the defendant commission, the latter reconsidered its former decision and rendered another, on the 15th of last June, imposing upon the plaintiff a fine of $200 instead of the original $1,000; and this decision was notified to the plaintiff herein on the 16th of last June.

"The plaintiff Quintana Racing Park, Inc., has filed in this court a petition for an injunction restraining the defendant commission

from collecting said fine or from executing its decision of June 15, whereby it imposed the aforesaid fine of $200 on the plaintiff. As a ground for its petition the plaintiff alleges that the aforesaid section 144 of the regulations is null and void in that the commission has no authority to regulate matters not related to the holding of horse races in the race track on the day set therefor.

"The Racing Commission answered the complaint by virtually admitting all the facts alleged therein but it maintains that section 144 of its regulations is valid and that it has power to issue regulations concerning the matter in question.

"The plaintiff bases its contention on section 4 of the Racing Act approved in 1925, which reads as follows:

" 'The Insular Racing Commission shall have power to prescribe rules and conditions governing races in Porto Rico, including all such matters as relate to the form in which bets shall be made in the *bancas alemanas* and pools, and as relate to the registration of horses in the stud-book.

" 'The Insular Racing Commission is further empowered to prescribe such correctives as it may deem advisable for violations of its horse-racing regulations.'

"And the plaintiff alleges that from said section 4, which is now section 5 of the Racing Act of 1927, the following clause was eliminated:

" 'including all such matters as relate to the form in which the bets shall be made in the *bancas alemanas* and pools.'

"Thus section 5 of the Act of 1927, is worded at present as follows:

" 'The Insular Racing Commission shall have power to prescribe regulations governing races on the race tracks, and shall be in force, upon the approval by the Governor of Porto Rico, and shall be subject to revision or repeal by the Legislature of Porto Rico.

" 'The Insular Racing Commission shall issue rules to regulate contracts between horse owners and jockeys.'

"This modification of section 4 of the Act of 1925, is interpreted by the plaintiff to mean that the Insular Racing Commission lacks authority at present to regulate matters not related to horse races on the track on the day of the races.

"We do not agree with the interpretation of said section 5 of the Racing Act, for if any doubt should arise concerning the authority of the commission to regulate these matters it would be promptly dispelled by an examination of section 49 of the Racing Act of 1927, which reads:

" 'Section 49.—All establishments for the maintenance and operation of the business of selling betting tickets in the form known as pools, *bancas alemanas* or *pari mutuels,* and bookmaking, as allowed by the provisions of this Act, shall at all times be open to the inspection of the Insular Racing Commission and any transaction in connection therewith not made in accordance with the regulations promulgated by the Insular Racing Commission shall be illegal and prohibited by the said Commission, and when the guilt of a person responsible for said transaction is established before a competent court, the equipment used in connection therewith shall be confiscated and destroyed by order of the court.'

"In connection with the above provisions it is advisable to bear in mind sections 17 and 18 of the Civil Code, reading thus:

" 'Sec. 17. Laws which refer to the same matter, or whose object is the same, shall be interpreted with reference to each other, in order that what is clear in one may be employed for the purpose of explaining what is doubtful in another.

" 'Sec. 18. The most effectual and universal manner of discovering the true meaning of a law, when its expressions are dubious, is by considering the reason and spirit thereof, or the cause or motives which induced its enactment.'

"It clearly appears from section 49, *supra,* that the establishments for the maintenance and operation of the business of selling betting tickets (*bancas alemanas*) etc., must at all times be opened to the inspection of the Insular Racing Commission, and the authority vested in the commission to regulate said matters also clearly appears where it is provided that:

" 'Any transaction in connection therewith not made in accordance with the regulations promulgated by the Insular Racing Commission shall be illegal and prohibited by the said Commission, etc.'

"Therefore, if it is the duty of the commission to inspect said establishments, and if it may regulate the same, there can be no doubt that, in order to discharge the duties imposed on it by statute, the commission has power to require that said betting and combination tickets be kept safely for a term of 60 days, so that it may make any investigation it deems necessary concerning those tickets. This is a reasonable method that the commission may adopt in order to duly perform the duty imposed upon it by section 49 of the Insular Racing Act.

"As regards the power of the commission to impose a fine or otherwise punish any violation of its rules and regulations, the same is expressly granted to it by section 6 of the Insular Racing Act."

In support of its contention as to the lack of authority of the commission, the appellant invokes the act of the Legislature whereby the words to which the trial court refers were eliminated from section 4, and also the decision of this Supreme Court in the case of *Porto Rico Racing Corporation* v. *Racing Commission,* 38 P.R.R. 251, 269, which contains a complete history of the laws regarding horse racing in this island and a detailed study of the powers of the commission, and arrives at the following conclusions:

"In the successive legislative enactments above mentioned two parallel tendencies are more or less distinctly discernible. The first, and perhaps the more obvious of the two, is an ever increasing disposition directly to control and to regulate in detail the business of horse racing by specific statutory provisions covering every aspect of that business. The second and concomitant phase of this general drift in legislative policy is an apparent inclination to curtail the powers of the Insular Racing Commission."

If section 49 did not form part of the statute, perhaps the appellant might be correct. If we consider what was eliminated from section 4 in the light of the opinion of this Court in the case cited above, we would be bound to decide that the Legislature had withdrawn from the Act of 1927, the authority originally granted to the commission regarding this matter.

But the Legislature itself imposed the duty on the commission to inspect all the establishments for the maintenance and operation of the business of selling betting tickets and expressly ordered that *said establishments shall at all times be opened to said inspection.* And it went further; it provided that any transaction in connection with the bets that took place in said establishments *not made in accordance with the regulations promulgated by the commission, would be illegal.* It does not matter that it is provided in section 49 that the guilt of the person responsible for such violation should be established before a competent court. The regulation we are now dealing with was adopted in order that the

commission might duly perform its duty of inspection, and might thus be able to investigate and determine the guilt, if any, of a person who violates the law or the regulations promulgated by the commission. The period of time fixed for the retention of the combination tickets seems reasonable. The punishment for a violation of the regulations, independently of the punishment that a competent court might impose for the commission of the illegal act which was investigated and determined by the commission, is authorized by section 6 of the Act of 1927.

The judgment appealed from should be affirmed.